IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | NO. 05-613 |
| DEBORAH MORRIS,<br>     Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                 **March 23, 2009**

On March 9, 2009, defendant Deborah Morris filed a motion to modify her sentence to home confinement (Document #102). The government has filed no response, but the motion will be dismissed because this court lacks jurisdiction.

**I. BACKGROUND**

For more than four years (from January 1998 until February 2002), Morris defrauded the Medicare program by obtaining reimbursements for clinical services she never performed. She submitted fraudulent claims totaling $964,454.17 and received $278,507.05 in payments.

On December 7, 2006, after a seven-day jury trial, Morris was convicted of 34 counts of health care fraud (in violation of 18 U.S.C. § 1347), 14 counts of aiding and abetting mail fraud (in violation of 18 U.S.C. § 1341), and one count of making false statements (in violation of 18 U.S.C. § 1035). On November 6, 2007, she was sentenced to sixty (60) months incarceration and three (3) years supervised release. She was

1

ordered to pay $278,507.05 in restitution and a $4,900.00 special assessment.  She is currently serving her sentence at Alderson Federal Prison Camp in Alderson, West Virginia.  On March 9, 2009, Morris, proceeding *pro se*, filed the pending motion (Document #102).

## II. ANALYSIS

Morris asks this court to modify her sentence to enable her to serve the remainder of her sentence at home.  Under Rule 35 of the Federal Rules of Criminal Procedure and United States v. Higgs, 504 F.3d 456 (3d Cir. 2007), this court lacks jurisdiction to modify her sentence because more than seven days have passed since it was imposed.  Generally, a district court may not modify a term of imprisonment once it has been imposed.  See, e.g., McMillan v. United States, 257 Fed.Appx. 477, 479 (3d Cir. 2007) (citing United States v. DeLeo, 644 F.2d 300, 301 (3d Cir.1981) and noting "that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization").  Once a sentence is imposed, the Bureau of Prisons (BOP) is responsible for implementing it.[1]

There are only limited circumstances under which a prisoner's sentence may be

---

[1] The BOP has discretion as to where Morris should be imprisoned because it is in the best position to evaluate whether she meets the requirements for placement in a facility whether prison, prison camp, halfway house or at home. See BOP Policy Statement 7310.04; United States v. Harris, 02-385, 2004 WL 350171 at 1 (E.D.Pa. Feb.10, 2004) (citing 18 U.S.C. § 3621(b)) ("It is beyond question that the BOP is authorized to designate the place of a prisoner's imprisonment").  As tis court lacks knowledge about Morris' activities at the BOP, it is not in a position to evaluate whether she meets the BOP's requirements for home confinement.

modified post-sentencing. Under 18 U.S.C. § 3582(c), a prisoner's sentence may be modified only upon a motion for reduction by the Director of the BOP, as authorized by F.R.Cr.P. 35 or if the prisoner was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."

Here, the BOP has not recommended a reduction for Morris. Further, Morris does not seek a reduction due to a change in the Sentencing Guidelines. Finally, Rule 35 provides no authority to modify the sentence because more than seven days have passed since Morris' sentence was imposed. See Higgs, 504 F.3d at 464. Therefore, Morris' motion must be denied because this court has no jurisdiction to modify her sentence.

### III. CONCLUSION

As this court has no jurisdiction, Morris' motion is dismissed. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 05-613 |
| | : | |
| DEBORAH MORRIS, | : | |
| Defendant | : | |

**O R D E R**

**AND NOW**, this 23rd day of March, 2009, upon consideration of Defendant's Motion to Modify Ordered Sentence Structure from Prison Confinement to Home Confinement (Document #102), it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.